United States District Court
for the
Eastern District of New York

| | |
|---|---|
| ONEWEST BANK, N.A.                              ( | Civil Action No. <u>15-cv-4223</u> |
|              Plaintiff,           ( | |
| v.                                                                  ( | |
|                                 ( | ANSWER |
| ELAINE E. WILSON; LINFORD G. WILSON,  ( | |
| JES-KAN EQUITIES, INC., NEW YORK CITY   ( | |
| PARKING VIOLATIONS BUREAU, and           ( | |
| EUGENE DONATUTI                                   ( | |
|              Defendants.            ( | |

Defendants, ELAINE E. WILSON and LINFORD G. WILSON, by their attorneys, Radow Law Group, P.C., answering the Complaint of Plaintiff herein, respectfully show to this Court and alleges as follows:

1. Defendants deny knowledge and information sufficient to form a belief as to those allegations contained in paragraphs designated (1),(2),(5),(6),(7),(8),(9),(10),(11),(12),(13),(14),(15),(16),(19) and (21) and refers all questions of law to the Court.

2. Defendants deny the allegations contained in the paragraphs designated (17),(18) and (20).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state valid causes of action and therefore must be dismissed pursuant to CPLR 3211(a)(7). Service was improper and the Court does not have personal jurisdiction over Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff did not and does not own both the mortgage and the note and thus lacks legal capacity and legal standing to bring this foreclosure action at law and pursuant to CPLR 3211(a)(3), any purported assignment of mortgage is not from an entity with legal standing and was bifurcated from any note, and the purported mortgagee does not maintain physical possession of any assignment or promissory note.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint fails to allege facts or circumstances sufficient to constitute a viable cause of action against this Defendant under which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Plaintiff, for valuable consideration, duly released and forever discharged Defendant, from all claims and from every liability arising from the causes of action set forth in the complaint per CPLR 3211(a)(5).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint violates C.P.L.R. Section 3211(a)(2).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff acted with unclean hands. Plaintiff made false representations that Defendant relied upon. Such false representations were made with the intent to defraud Defendant who was deceived and caused to be the subject of the within lawsuit. Defendant acted in good faith at all times herein referenced..

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Contract terms alleged to have been agreed upon and breached are unconscionable.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to abide by NYS Banking Law §6-1, 6-m, and 590(b); failed to abide by Notice Provisions of RPAPL §1302 and §1304 and failed to establish conformity with RPAPL §1303 and CPLR §3215(g)(3); failed to abide by the Federal Equal Credit Opportunity Act, 15 U.S.C. sec. 1691; failed to abide by the Real Estate Settlement Procedures Act; Truth in Lending Act; Federal Fair Housing Act, 42 U.S.C. sec.3604, 3605; CPLR §3408; Homeownership and Equity Protection Act; and General Business Law §349(the "Deceptive Practices Act").

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

No agency relationship exists between the purported signatory of Assignor and the purported Assignor pursuant to CPLR §3215(f). Defendant refers all questions of law to the Court that are not contractually addressed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Pursuant to RPAPL § 1321 and the Office of Court Administration, Plaintiff bank/lender shall provide an affidavit by an officer of the Plaintiff attesting to ownership of the subject note and the mortgage securing the note, which shall establish the chain of title from the inception of the loan to date, and no Judgment of Foreclosure and Sale shall be awarded in the absence of the foregoing. Plaintiff has not provided same. Plaintiff has not submitted an affirmation confirming the factual accuracy of the allegations set forth in the Complaint in compliance with Administrative Order 548/10 and the Court's 1/24/11 Order.

**WHEREFORE**, Defendants, ELAINE E. WILSON and LINFORD G. WILSON, demand judgment dismissing the Complaint herein together with interests, costs, disbursements or judgment over as required by law, and for any other such further relief as the Court deems just and proper under the circumstances.

Dated:  Great Neck, NY
         August 12, 2015

                                            Yours etc.,

                                            _____/S/ Raymond D. Radow_____
                                            RADOW LAW GROUP, P.C.
                                            RAYMOND D. RADOW, ESQ. (RR2855)
                                            Attorneys for Defendants
                                            1010 Northern Blvd., Suite 208
                                            Great Neck, NY 11021
                                            (516) 338-7800

TO:    GROSS POLOWY, LLC
            Attorneys for Plaintiff
            1775 Wehrle Drive, Ste. 100
            Williamsville, New York 14221
            Tel.: 716-204-1700