UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CIT BANK, N.A. formerly known as
ONEWEST BANK, N.A.

                Plaintiff,

          v.

ELAINE E. WILSON, LINFORD G. WILSON,
JES-KAN EQUITIES, INC.,NEW YORK CITY
PARKING VIOLATIONS BUREAU, and
EUGENE DONATUTI,

                Defendants.

-------------------------------------------------------------X

Civil Action No. 15-CV-4223

AFFIRMATION IN OPPOSITION
TO MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL
OF ANSWER

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF ANSWER

Radow Law Group, P.C.
1010 Northern Blvd., Suite 304
Great Neck, New York 11021
Attorneys for Defs. WILSON

On Brief:      Raymond D. Radow

## TABLE OF CONTENTS

PRELIMINARY STATEMENT......................................................................4

ARGUMENT...........................................................................................4

POINT I

    THE SUMMARY JUDGMENT STANDARD...........................................4

POINT II

    THE FAILURE TO AFFIRMATIVELY NEGOTIATE IN GOOD FAITH ..........5


CONCLUSION........................................................................................8

## TABLE OF AUTHORITIES

**CASES**                                                                          page

*US Bank N.A. v. Sarmiento, 121 AD3d 187, 200 [2014]*...……………………………………7

*Niagara Mohawk Power Corp. v. Jones Chem, Inc.,* 315 F.3d 171, 175 (2d Cir. 2003)…….4

*First Nat'l Bank of Highland v. J & J Milano, Inc.,* 160 AD2d 670 (2d Dept. 1990)………..5

*Curry v Mackenzie*, 239 N.Y. 267………………………………………………………………5

*Gem Drywall Corp. v Scialdo & Sons*, 34 A.D.2d 1063, app dsmd 27 N.Y.2d 739…………5

*Alside Aluminum Supply Co. v Berliner*, 32 A.D.2d 731…………………………………….5

*Nassau Trust Co. v. Montrose, 56 NY 2d 175 – 1982*………………………………………..5

## STATUTES

FED. R. CIV. P. 56(a)……………………………………………………………………………4

CPLR § 3408(f) ………………………………………………………………………..........6

22 NYCRR §202.12-a (c)(4) ..........………………………………………………………………..6

4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, at n 53)………………………………..5

**Preliminary Statement:**

Summary Judgment is inappropriate as sufficient evidence has been presented to support each element of Defendants' assertions that a mutually agreeable resolution to the within matter can be reached if Plaintiff were to resume good faith negotiations with Defendants.

## ARGUMENT

### POINT I

### THE SUMMARY JUDGMENT STANDARD

Summary judgment is the appropriate remedy where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The evidence and the inferences drawn therefrom are viewed in a light most favorable to the non-moving party. *Niagara Mohawk Power Corp. v. Jones Chem, Inc.,* 315 F.3d 171, 175 (2d Cir. 2003). In the instant matter ongoing negotiations have come to a halt to the extent that Defendants have offered to pay to Plaintiff a thirty thousand ($30,000.00) dollar good faith deposit, together with regular payments over twenty four (24) months in addition to a regular mortgage payment for a reinstatement of the subject loan, and this offer has been denied without explanation or a counter-offer. Instead, Plaintiff chooses to permit arrears to increase and to ultimately foreclose, rather than resolve the matter. Whereas Defendants were, and continue to be willing to make $2,500.00 per month payments in addition to regular mortgage payments, without a modification of loan terms as initially requested, relieving Plaintiff of the burdens that go along with continuing to prosecute a foreclosure case or process a loan modification, Plaintiff has refused same despite the fact that these payments were to be made by Defendants with the stated objective of settling the within lawsuit. Whether this course of action chosen by Plaintiff constitutes bad faith relieving Defendants of the consequences of default is a question of fact that should not be determined on a motion for summary judgment. *First Nat'l Bank of Highland v. J & J Milano,*

4

*Inc.,* 160 AD2d 670 (2d Dept. 1990). Moreover, when a Plaintiff moves for summary judgment, it is proper for the court to look beyond the Defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense (see *Curry v Mackenzie*, 239 N.Y. 267; *Gem Drywall Corp. v Scialdo & Sons*, 34 A.D.2d 1063, app dsmd 27 N.Y.2d 739; *Alside Aluminum Supply Co. v Berliner*, 32 A.D.2d 731; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, at n 53). Thus, a defense established by the papers, the question of whether Plaintiff has acted in bad faith, is sufficient though unpleaded to warrant denial of a motion for summary judgment. *Nassau Trust Co. v. Montrose, 56 NY 2d 175 – 1982*.

## POINT II
## FAILURE TO SATISFY AFFIRMATIVE GOOD FAITH OBLIGATION

Viewing the evidence presented in the light most favorable to the Defendants, there is sufficient evidence to support their claim that Plaintiff failed to satisfy their affirmative obligation to negotiate in good faith under CPLR 3408 (f) and NYCRR 202.12. This statute and rule contain both procedural and substantive guidelines, and Plaintiff has failed to satisfy the affirmative obligation therein. Defendants made regular payments on the loan that is the subject of the within action for over 2 ½ years, until their default in 2013 due to financial hardship. Specifically, defendants Elaine and Linford Wilson are both in their 70s, and currently have a combined income of over $14,000.00 per month. Mrs. Wilson, an employed nurse, receives social security and a pension, as does Linford Wilson, a retired construction worker. These monies do not include rents received from other investment properties also owned by the Defendants. As such, having been discharged in bankruptcy, the Wilsons are now in a better position to resolve the financial problems that resulted from a prior physical illness combined with steep losses on investments due to the global financial crisis. Now, able to make payments, the continued prosecution of the within

5

lawsuit is a waste of judicial resources, considering that some flexibility, in good faith, will result in a "win" for both sides. (*See* Offer Letter and Denial annexed hereto at Exhibit "B")

Defendants' approach to settling the within case was mutually beneficial, and their only request was based on needing a relatively minimal amount of additional time to complete payment. Notwithstanding, Plaintiff has refused to give such additional time. This course of action chosen by Plaintiff constitutes bad faith relieving Defendants of the consequences of Summary Judgment. (*See* Affidavit of Elaine Wilson and Linford Wilson annexed hereto at Exhibit "A".) Plaintiff has denied Defendants' request even though sensible settlement options exist.

CPLR § 3408(f) states that "Both the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including loan modification, if possible." Likewise, 22 NYCRR §202.12-a (c)(4) provides that:

*The parties shall engage in settlement discussions in good faith to reach a mutually agreeable resolution, including a loan modification if possible. The court shall ensure that each party fulfills its obligation to negotiate in good faith and shall see that conferences not be unduly delayed or subject to willful dilatory tactics so that the rights of both parties may be adjudicated in a timely manner."*

According to the court in *US Bank N.A. v. Sarmiento,* 121 AD3d 187, 200 [2014]: *[T]he issue of whether a party failed to negotiate in "good faith" within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution.*

In fact, the *Sarmiento* court specifically rejected the Plaintiff's contention that:
*In order to establish a party's lack of good faith pursuant to CPLR 3408(f), there must be a showing of gross disregard of, or conscious or knowing indifference to, another's rights [, as such] a determination would permit a party to obfuscate, delay, and prevent CPLR 3408 settlement*

6

*negotiations by acting negligently but just short of deliberately, e.g., by carelessly providing misinformation and contradictory responses to inquiries, and by losing documentation.  Id.*

As is the case in the within matter, the court instead specifically concluded that:

*Where a plaintiff fails to expeditiously review submitted financial information, sends inconsistent and contradictory communications, and denies requests for a loan modification without adequate grounds…such conduct could constitute the failure to negotiate in good faith to reach a mutually agreeable resolution.*

If Defendants' aforementioned request is approved, Plaintiff will suffer no prejudice, and all parties herein would benefit over the long term. Moreover, the within action will be rendered moot.

## CONCLUSION

Summary Judgment and Dismissal of Defendants' Answer would be premature at this time, as, pursuant to CPLR §3408(f) and 22 NYCRR 202.12-A(c)(4), Plaintiff should first complete a full review taking into consideration the above requests and realities, and if Defendants' aforementioned request is approved, Plaintiff will suffer no prejudice, and all parties herein would benefit over the long term. Moreover, the within action will be made moot.

Dated: Great Neck, NY
        May 25, 2016

                                        Yours etc.,
                                        /S/ Raymond D. Radow
                                        RADOW LAW GROUP, P.C.
                                        RAYMOND D. RADOW, ESQ.
                                        (RR2855)
                                        Attorneys for Defendants
                                        1010 Northern Blvd., Suite 304
                                        Great Neck, NY 11021
                                        (516) 338-7800

TO:
GROSS POLOWY, LLC
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Attn: Michael Nardolillo, Esq.

Eugene Donatuti
Defendant Pro-Se
136 Belmill Road
Bellmore, NY 11710

JES-KAN EQUITIES INC
18 E. Sunrise Highway, Suite 303
Freeport, NY 11520

8



12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

CIT BANK, N.A. formerly known as
ONEWEST BANK, N.A.

      Plaintiff,

           v.

ELAINE E. WILSON, LINFORD G. WILSON,
JES-KAN EQUITIES, INC., NEW YORK CITY
PARKING VIOLATIONS BUREAU, and
EUGENE DONATUTI

                        Defendants.
--------------------------------------------------------------X

Civil Action No. 15-CV-4223

AFFIDAVIT IN OPPOSITION
TO MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL
OF ANSWER

STATE OF NEW YORK)
            )ss.:
COUNTY OF NASSAU)

ELAINE E. WILSON and LINFORD G. WILSON, being duly sworn, depose and say:

1. We are defendants in the above-captioned action and, as such, we are fully familiar with the facts and circumstances had herein.

2. We submit this affidavit in opposition to Plaintiff's pending motion for summary judgment and dismissal of our answer.

3. On or about 2007, we entered into the subject mortgage loan, secured by the subject premises, and have since maintained the property as an investment. We subsequently entered into a loan modification agreement at or about 2011 and made payments for over 2 ½ years.

4. We made payments pursuant to the subject mortgage loan in a timely manner through on or about 2013, when we fell behind as a result of ill health and significant financial hardship. Specifically, we are both in our 70s, and currently have a combined income of over $14,000.00 per month. I, Elaine Wilson, am employed in the nursing profession, and also receive social security and a pension, as do I, Linford Wilson, a retired construction

9

worker. These monies do not include rents received from other investment properties also owned by us. As such, having been discharged in bankruptcy, the we are now in a better position to resolve the financial problems that resulted from a prior physical illness combined with steep losses on investments due to the global financial crisis.

5. Fortunately, our financial situation has since significantly improved, and have offered to pay to Plaintiff a thirty thousand ($30,000.00) dollar good faith deposit, together with regular payments over twenty four (24) months in addition to a regular mortgage payment for a reinstatement of the subject loan. This offer has been denied without explanation or a counter-offer.  Instead, Plaintiff chooses to permit arrears to increase and to ultimately foreclose, rather than resolve the matter. Whereas we are and continue to be willing to make $2,500.00 per month payments in addition to regular mortgage payments, without a modification of loan terms as initially requested, relieving Plaintiff of the burdens that go along with continuing to prosecute a foreclosure case or process a loan modification, Plaintiff has refused same despite the fact that these payments were to be made by us with the stated objective of settling the within lawsuit.

6. Based on our heightened monthly income, we can support an affordable mortgage payment and want to keep this property.

7. Notwithstanding, Plaintiff has denied our request even though sensible settlement options exist.

8. Therefore, we respectfully request that this honorable Court deny Plaintiff's instant motion as Plaintiff should first reconsider our settlement offer based on the above.

WHEREFORE, Elaine Wilson and Linford Wilson, pray for an Order denying the Plaintiff's instant motion in its entirety, and for such other and further relief as may be proper.

Dated: Great Neck, NY
May 25, 2016

Elaine E. Wilson

Linford G. Wilson

Sworn to before me
This 25th day of May 2016

Notary Public

RAYMOND D. RADOW
Notary Public, State of New York
No. 02RA5016444
Qualified in Nassau County
Commission Expires August 16, 2013

10

"B"

13

# RADOW
# LAW
# GROUP, P.C.

**BY ELECTRONIC MAIL: mnardolillo@grosspolowy.com**

February 29, 2016

Michael Nardolillo, Esq.
GROSS POLOWY, LLC
900 Merchants Concourse
Suite 412
Westbury, NY 11590

Re:   *OneWest Bank, N.A. v. Wilson et. Al.*
     **Index No. 15-cv-4223**
     **Your Ref. No. 00-304367**

Dear Mr. Nardolillo:

As per Judge Scanlon's instructions during our recent conference regarding the above matter, kindly note the following details regarding the reinstatement settlement proposal of defendants, Elaine Wilson and Linford Wilson:

    -Thirty Thousand ($30,000.00) Dollars payment made on or before thirty days;
    -The reinstatement balance (approximately $60,000.00) to be paid with monthly payments of approximately $2,500.00 over the next 24 months. This payment would be in addition to regular monthly mortgage payments.

We look forward to resolving this matter in a mutually beneficial manner without the waste of judicial resources. Thank you for your courtesy and attention to this matter.

Very truly yours,

Raymond Radow
RDR/

MANHATTAN
299 BROADWAY, SUITE 803 • NEW YORK, NY 10007
T:212.577.5000 • F:516.336.2549

LONG ISLAND
1010 NORTHERN BLVD, SUITE 208 • GREAT NECK, NY 11021
T:516.338.7800 • F:516.336.2549

WWW.RADOWLAWGROUP.COM



**Ray Radow <info@radowlawgroup.com>**

## CIT v. Wilson / 15-cv-4223

**Danielle E. Winkowski (x1707)** <dwinkowski@grosspolowy.com>         Tue, Mar 8, 2016 at 11:46 AM
To: Radow Law Group <info@radowlawgroup.com>
Cc: "Michael W. Nardolillo (x1794)" <mnardolillo@grosspolowy.com>

Good Morning,

        In regard to your email below – our client has reviewed and denied your offer. No counteroffer has
been provided.

Thank you,

Danielle Winkowski
Legal Secretary



1775 Wehrle Drive, Suite 100
Williamsville NY 14221
Direct:  716 204 1707
Fax:      716 253 6207
dwinkowski@grosspolowy.com

---

**From:** Michael W. Nardolillo (x1794)
**Sent:** Tuesday, March 01, 2016 10:05 AM
**To:** Radow Law Group <info@radowlawgroup.com>
**Cc:** Danielle E. Winkowski (x1707) <dwinkowski@grosspolowy.com>
**Subject:** RE: CIT v. Wilson / 15-cv-4223

[Quoted text hidden]
[Quoted text hidden]

## AFFIRMATION OF SERVICE

STATE OF NEW YORK)
            ss.:
COUNTY OF NASSAU)

Raymond Radow, Esq, affirms the following under penalty of perjury:

That affiant is not a party to the within action, is over 18 years of age, and resides in Nassau, New York. That on May 25, 2016 affiant served the within:

## AFFIRMATION IN OPPOSITION TO MOTION

Upon the following attorneys for the respective parties in this action, at their respective addresses designated by said attorneys for that purpose, by depositing same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York. And by electronic mail:mnardolillo@grosspolowy.com

TO:
GROSS POLOWY, LLC
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Attn: Michael Nardolillo, Esq.

Eugene Donatuti
Defendant Pro-Se
136 Belmill Road
Bellmore, NY 11710

JES-KAN EQUITIES INC
18 E. Sunrise Highway, Suite 303
Freeport, NY 11520

Raymond Radow, Esq

11